UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERICKSON PRODUCTIONS, INC, et al.,

Plaintiffs,

v.

MARIELLEN BAKER, et al.,

Defendants.

Case No. 17-cv-02427-RS

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION**

In August of 2015, Erickson Productions, Inc. and Jim Erickson (collectively "Erickson") obtained a judgment in the principal amount of $450,000 against Kraig R. Kast following a jury trial in *Erickson Productions Inc., et al. v. Kast*, Case No. 5:13-cv-05472-HRL (N.D. Cal) ("the prior action"). Erickson now brings this case against Kast, Mariellen Baker, and various trusts, seeking to set aside certain transactions alleged to have constituted fraudulent conveyances of Kast's assets. Contemporaneously, Erickson is pursuing motion practice in the prior case to have the judgment therein amended to include some or all of the parties he has named here as additional judgment debtors.

Erickson moves for a temporary restraining order in this action to preclude defendants from engaging in further asset transfers. Because the transactions alleged in the complaint to have been fraudulent took place years ago, and because Erickson offers only speculation that further transfers might occur, there has been no showing of such urgency that imposition of a temporary restraining order would be appropriate, as opposed to taking up the matter in the context of

Erickson's request for a preliminary injunction, on an expedited basis.[1]

The matter will therefore be set for consideration of a preliminary injunction, with the following briefing schedule. No later than May 19, 2017, Erickson shall file a supplemental brief in support of a preliminary injunction. The brief shall address the issue of whether it is permissible or appropriate for a judgment creditor to bring a *separate* action of this nature under all the circumstances present here, including the pendency of motion proceedings in the prior action, and the pendency of the appeal. *Cf. Thomas, Head & Greisen Employees Trust v. Buster,* 95 F.3d 1449 (9th Cir. 1996) (holding jurisdiction existed to entertain a "supplementary proceeding" to set aside fraudulent conveyance in *the same case where judgment had been entered*). Given the inter-relationship of this matter to the prior case, Erikson shall also address whether its prior consent to the jurisdiction of a magistrate judge should be deemed to extend to this action as well, provided none of the new defendants decline to consent.

Defendants may file any opposition no later than May 23, 2017. The matter will then be set for hearing or submitted for decision without argument, in the Court's discretion. Erickson is directed to cause service of a copy of this order to be effected on defendants forthwith, and to file proof of service thereafter.

**IT IS SO ORDERED**.

Dated: May 17, 2017

RICHARD SEEBORG
United States District Judge

---

[1] The degree of any urgency must also be evaluated in light of the fact that the complaint herein was filed nearly three weeks before a temporary restraining order was sought, and Erickson was aware of the circumstances it now contends warrant relief long before that, as evidenced by the motion practice in the prior action.