Kraig Kast
PO Box 4612
Foster City, CA 94404
415-806-9292
E-mail Address: Kraigru@hotmail.com
Defendant Pro Se

RECEIVED
OCT -5 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Francisco

ERICKSON PRODUCTIONS INC. and JIM ERICKSON

    Plaintiff,

vs.

KRAIG R. KAST et al.

    Defendant.

Case Number: 3:17-cv-02427-RS

**DEFENDANT'S CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

DATE: October 12, 2017
TIME: 11 am
JUDGE: Hon. Richard Seeborg

Kraig Kast submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the United States District Court for Northern California dated July 1, 2011 and Civil Local Rule 16-9.

### 1. JURISDICTION

This Court does *not* have subject matter jurisdiction in this case under:

    As per co-Defendant's Motion to Dismiss (Docket 31) and Kast's Motion to Dismiss based on Subject Matter Jurisdiction (Docket 32).

## 1. SERVICE

| Defendant's Name | Date Served or Expected to Serve | Does Defendant dispute that the Court has personal jurisdiction? | Does Defendant dispute that this is the correct venue? |
|---|---|---|---|
| Kraig R. Kast | 5/16/17 | Yes | Yes |
| Mariellen Baker | 5/16/17 | Yes | Yes |

***Additional Defendants: Black Oak Trust, Kast and Baker as Trustees all served on May 16 2017.***

## 2. FACTS

Kast is a 72 year old licensed Fiduciary, Real Estate and Insurance Broker with no negative notations on any of his licenses. On March 11, 1995 just before major surgery, Kast created a revocable living trust named the Kraig Kast Living Trust. In 2004 Kast legally changed his name at the request of his dying mother, from Warren Craig Rudinger to Kraig Rudinger Kast. He retained his birth sir name so no one would think his name change was made for any nefarious purpose. Over the following twelve years Kast amended the terms of the trust adding and deleting beneficiaries and successor trustees as well as changing the distribution of assets upon his death. Kast brought the living trust up-to-date with the previous changes, changed its name to the Black Oak Trust and then amended the living trust to become an irrevocable trust named the Black Oak Trust (BOT) on December 11, 2007. Kast was the grantor and trustee and Mariellen Baker and the MER foundation were named as beneficiaries.

The trust was made irrevocable to meet Kast's financial obligations to Ms. Baker. The BOT was funded with four residential properties on December 30, 2007. The last of the properties to be added to the BOT was located in San Diego County, the others were located in San Mateo County, California. All of the properties were recorded with the assessors as being in the BOT. County tax bills were issued to Kast as trustee of the BOT. Due to the unique banking requirements for funding residential income properties in California, loans could not be made in

the name of the BOT, loans are required to be in the name of an individual. Because of this, it was Kast whose name is on the loans.

During the financial crisis, real estate in some cases lost as much as 50% of its market value, refinancing properties was extremely difficult and rents were declining or stagnant. During that time, Kast as the trustee worked with Ms. Biche, a mortgage broker, to refinance the properties to keep them solvent for Ms. Baker and the foundation.

Separate from his responsibilities as trustee of BOT, in late 2010 Kast restarted his company, Atherton Trust Co., which provided real estate brokerage, finance and management services, that he had shut down in late 2007. He decided to update Atherton's website and contracted with Only Websites (OW), a professional website development firm, to build and host Atherton a new website. Part of OW's responsibilities, was to license photos to be used on the Atherton website.

OW put three photos on the development website as placeholders during development. OW owned the development website, had complete control over the website and it was never to be visible to the public. When OW's developers were unable to identify appropriate final photos, Kast licensed a photo from Corbis to be put the website when it was ready to be published. While OW was developing a website to present to Atherton, in July 2011, Kast received an email from Mr. McCulloch representing Erickson Productions who claimed the three placeholder photos that OW put on the development website were unlicensed. Kast immediately contacted OW and the photos were removed within 24 hours. Mr. McCulloch was not satisfied that the photos had been removed and asked Kast to call him so he could tell Kast how much to pay him for OW's "infringement".

Mr. McCulloch then filed a lawsuit in USDC Southern District of New York in March 2012 naming Kast and Atherton as defendants and demanding $450,000 plus attorneys fees. Judge Gardephe dismissed the case against Kast and Atherton based on personal jurisdiction. Judge Gardephe awarded Erickson Productions $11,250 and Mr. McCulloch approximately $80,000 in attorney's fees, against OW as the direct infringer. Mr. McCulloch re-filed his lawsuit in USDC CAND in December 2013 naming Kast, as an individual only, and claimed Kast was the vicarious and contributory infringer, he did not name Atherton, BOT or any other person or entity as defendants.

CASE MANAGEMENT STATEMENT; CASE NO. 3-17-cv-02427-RS:
PAGE NO. 1 OF 8     [JDC TEMPLATE – Rev. 05/17]

Between 2009 and 2015 Kast was able to refinance BOT's properties to keep the properties in the BOT rather than be sold at a loss. However, rents could not cover the negative on all of the properties and Ms. Baker had not been able to find work, so it was necessary to sell one property in November 2012. Kast lost all of his clients when Mr. McCulloch's lawsuit was filed against him.

The copyright case went to trial before a jury in San Jose on April 13, 2015. Erickson Productions was awarded $450,000 plus attorney fees. The case is now under appeal in the Ninth Circuit Court of Appeals. Kast resigned as trustee of BOT on December 31, 2015. As specified in the BOT, Ms. Baker became the Trustee as well as the Beneficiary on January 1, 2016.

Ms. Baker sold the San Diego County property on November 2, 2016. First American Title Insurance reviewed the BOT documents and determined that because the judgment was against Kast, as an individual, not in his capacity as trustee of the BOT, First American Title Insurance Company would provide the escrow and title insurance on the sale. During a previous round of refinancing in 2014 and 2015 Old Republic Title also issued title insurance after reviewing the BOT documents. Further, San Mateo County, i.e. the State of California also recognized that Kast was sued as an individual, not as trustee, and refused to apply liens against the BOT's properties.

Mr. McCulloch issued *fraudulent* USDC CAND subpoenas on November 17 and 18, 2016 and January 10, 2017 to title companies, lenders, mortgage brokers and the County of San Mateo. On those subpoenas he added as defendant to Kast as an individual "and/or as trustee of the Black Oak Trust dtd 3-11-95", this is an *intentionally fraudulent* statement. Kast was never sued as trustee, the BOT nor any other entity was ever sued nor was there any judgment against Kast as trustee of any trust or entity. Kast caught Mr. McCulloch in his fraud and stated so in his Motion to Quash the fraudulent subpoenas on November 22, 2017, Mr. McCulloch then filed a Motion to Amend the Judgment on November 23, 2016 in an attempt to cover up his fraudulent subpoenas. Kast objected to the Motion to Amend based on FRCP 59e. Those motions are pending.

Realizing he was likely to lose his motion to amend the judgment, Mr. McCulloch then filed a new lawsuit on April 27, 2017 claiming fraudulent conveyance against Ms. Baker, Kast and the

BOT. However, as per Ms. Baker's filing (Docket 31) there is a legal question as to whether this Court is the appropriate jurisdiction to hear this case. Kast also filed a motion to dismiss based on the same argument (Docket 32). Fact: The properties were conveyed many years before the copyright lawsuit. Mr. McCulloch knew about the BOT in April 2012. He never added the BOT or the BOT trustees as a defendant in the copyright lawsuit. During the trial in April 2015, Mr. McCulloch questioned Kast at length about the BOT and did not add the BOT as a defendant because there was no legal basis for doing so. On October 8, 2015 in his Motion for a Stay of Judgment without Supersedes Bond, Kast reiterated that the BOT is an irrevocable trust  Mr. McCulloch knows his lawsuit is desperate and frivolous. He knows the law, the title companies, lenders and San Mateo County are all against him, so he hopes to persuade this Court to award him Ms. Baker's retirement savings because he has destroyed Kast's ability to earn a living with his barrage of lawsuits. He is also attempting to grab assets before the appeal is decided. He also knows the appropriate jurisdiction is in California Superior Court for San Mateo County. In his Motion to Amend he claimed jurisdiction under California CCP 187. In his Fraudulent Conveyance suit he now claims jurisdiction under 28 USC 1367, he can't have it both ways.

### 3. LEGAL ISSUES

Mr. McCulloch and Mr. Erickson claim Kast knew he was going to be sued for copyright infringement six (6) years after he amended his trust to become irrevocable and that he then knowing he was going to be sued, fraudulently conveyed real property he held in a living trust to an irrevocable trust to avoid a judgment that was made against him eight years after he funded the irrevocable trust. Kast is not clairvoyant. Mr. McCulloch also filed this lawsuit years after he became aware of the Black Oak Trust and years after he became aware that it was irrevocable.

## 4. MOTIONS

| Party filing motion | Type of Motion | Date of Ruling (or "pending" or "to be filed") |
|---|---|---|
| Kast | Motion to Dismiss (Dkt 32) | Pending |
| Baker | Motion to Dismiss (Dkt 31) | Pending |

**Kast will file a Motion based on the Statute of Limitations.**

## 5. AMENDING THE COMPLAINT, ANSWER, COUNTERCLAIM/CROSSCLAIM

The submitting party Kraig Kast plans to amend the Complaint based on discovery.

## 6. EVIDENCE PRESERVATION

- The submitting party Kraig Kast has reviewed the Guidelines for the Discovery of Electronically Stored Information.

    Kast has not spoken with the opposing parties about preserving evidence relevant to the issues one could reasonably understand to be part of this case  Kast plans to do the above by October 18, 2017. Kast will also issue evidence preservation to Kevin McCulloch, Nate Kleinman, Leslie Ayala, Jesse Hughes, Robert Wright, and Erickson Productions. Additional persons/entities may be added at a later date.

## 7. INITIAL DISCLOSURES

Parties have <u>not</u> yet sent each other Initial Disclosures, but agree to exchange them sixty (60) days after the Court decides on the Motion to Dismiss.

## 8. DISCOVERY

Kast will seek discovery against Kevin McCulloch, Nate Kleinman, Leslie Ayala, Robert Wright, Erickson Productions Jim Erickson and Jesse Hughes. Other persons/entities may be added.

## 9. CLASS ACTIONS

Not applicable.

## 10. RELATED CASES

Kast is aware of related cases: 5:13-cv-05472-HRL

## 11. RELIEF SOUGHT

Mr. McCulloch seeks to steal Ms. Baker's retirement savings, in the form of her properties held in the BOT, to settle his claim against Kast. Ms. Baker had *nothing* to do with Kast's business affairs, she had *nothing* to do with the copyright lawsuit whatsoever and neither did the BOT. She is an innocent party who is being harmed by a deceitful, dishonest New York attorney who represents a vexatious litigant. *Kast denies making a fraudulent conveyance either as trustee or as an individual.* Therefore, this fraudulent conveyance lawsuit should be dismissed, with prejudice, based on subject matter jurisdiction, the statute of limitations and its lack of merit.

## 13. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION ("ADR")

*Check at least one box in each section. If you need information to help you decide how to resolve the case, explain what that information is.*

The parties:                           The submitting party agrees to the following form of

have not tried to settle this case.    ADR: Non Binding Mediation

Given Mr. McCulloch's history, his demands and Kast's previous ADR efforts to settle the copyright case for an amount equal to OW's, it is unlikely that ADR will achieve any settlement.

CASE MANAGEMENT STATEMENT; CASE NO. 3-17-cv-02427-RS:
PAGE NO. 1 OF 8    [JDC TEMPLATE – Rev. 05/17]

## 14. CONSENT TO HAVE A MAGISRATE JUDGE HEAR THE CASE

The submitting party, Kraig Kast, does <u>not</u> consent to a magistrate judge.

## 15. OTHER REFERENCES

Not applicable.

## 16. NARROWING OF ISSUES, CLAIMS, OR DEFENSES

Not applicable.

## 17. EXPEDITED TRIAL PROCEDURE

Not applicable.

## 18. SCHEDULING

Agree to have Court set deadlines

## 19. TRIAL

Kast reserves his right to disagree to a trial by jury. The trial is expected to last 3 days.

## 20. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

None.

## 21. OTHER MATTERS

*None*

Date: 10/5/17   Sign Name: [signature]
Print Name: KRAIG KAST

*Defendant Pro se*