Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com

Kevin McCulloch, Esq. (*pro hac vice*)
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, NY 10017
Telephone: (212) 355-6050
Fax: (206) 219-6358
kevin@mccullochiplaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC. and JIM ERICKSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARIELLEN BAKER, *et al.*,<br><br>*Defendants*. | Civil Case No. 3:17-cv-02427 (RS)<br><br>Hon. Richard Seeborg<br><br>**PLAINTIFFS' SUBMISSION IN RESPONSE TO COURT ORDER** |

Plaintiffs Jim Erickson and Erickson Productions, Inc. (together "Plaintiffs"), by and through their undersigned counsel, hereby submit this filing in response to the Court's Order of October 17, 2017 (Dkt. No. 53) requesting that Plaintiffs file a brief setting out any grounds on which the claims in this action remain viable notwithstanding the recent determinations made in *Erickson Productions Inc., et al. v. Kast*, Case No. 5:13-cv-05472-HRL (N.D. Cal) (the "Infringement Action").

**BACKGROUND**

On October 5, 2016, this Court granted in part Plaintiffs' motion to amend the judgment in the related Infringement Action against Defendant Kraig Kast. *See* Infringement Action, Dkt. No. 243. In so holding, the Court found that Kast did not in fact transfer any of the subject real estate properties into an irrevocable trust, but rather to a revocable trust which he maintains control over, and noted that "it appears that Kast has used the purported conveyances to the Baker/Black Oak Trust as a ruse to avoid payment of the judgment as to Erickson." *Id*. at 18. Thus, all of Kast's assets and properties held by the revocable trust are subject to the judgment. *See, e.g., In re Bogetti*, 349 B.R. 14, 18 (Bankr. E.D. Cal. 2006) ("California law permits a creditor of a settlor of a revocable trust to satisfy a claim against the settlor from property held by the trust."). However, the Court found it "unnecessary" to amend the judgment to add Baker as a judgment debtor, and Baker immediately filed proceedings in California state court – against both Kast and Erickson – to quiet title to two of the subject properties. *See Baker v. Kast, et al*., No. 17CIV04633, Dkt. No. 1 (Cal. Sup. Ct. San Mateo Cty.).

Plaintiffs filed this action against Kast and Baker, both individually and as trustees of the "Black Oak Trust," for fraudulent conveyance under the California Uniform Voidable Transfers Act ("UVTA"). If anything, the Court's ruling in the Infringement Action lends support for these claims, but it does not require dismissal of them.

# ARGUMENT

### I. PLAINTIFFS' CLAIMS AGAINST BAKER, PERSONALLY AND AS TRUSTEE, ARE NOT PRECLUDED AND SHOULD PROCEED IN THIS ACTION.

The Court in the Infringement Action amended the judgment to include "Kast as Trustee of the Black Oak Trust (a/k/a Kraig Kast, Trustee of The Black Oak Trust, dated March 11, 1995)," Dkt. No. 243 at 18, but did *not* amend the judgment to include Baker, either individually or as trustee of the Black Oak Trust, finding such an amendment "unnecessary." Presumably, the Court found it unnecessary to include Baker as a judgment debtor because the evidence showed that "Kast remains the grantor and trustee with all rights to income, profits and control of the trust property during his lifetime," *id*., and thus Baker has no legal right to or possession over the subject properties. That is contrary to Baker's sworn declaration, dated November 22, 2016, that "Mr. Kast was not a Trustee or Beneficiary of the Black Oak Trust at the time escrow was opened or finalized" and that "Kraig Kast is not the Trustee or Beneficiary of the Black Oak Trust, I am." (Dkt. No. 19, Ex. 27.)

If these conveyances were in fact "a ruse to avoid payment of the judgment as to Erickson," as Judge Lloyd found – and as Plaintiffs allege in this action – then Baker played a key role in that ruse for which she is liable under the UVTA. *See Nautilus, Inc. v. Chao Chen Yang*, 217 Cal. Rptr. 3d 458, 461 (Ct. App. 2017) (holding "a transferee cannot benefit from the good faith defense if that transferee had fraudulent intent, colluded with a person who was engaged in the fraudulent conveyance, actively participated in the fraudulent conveyance, or had actual knowledge of facts showing knowledge of the transferor's fraudulent intent"); *CyberMedia, Inc. v. Symantec Corp*., 19 F. Supp. 2d 1070, 1075 (N.D. Cal. 1998) (holding "a transferee lacks good faith if he or she (1) colludes with the debtor or otherwise actively participates in the debtor's

fraudulent scheme, or (2) has actual knowledge of facts which would suggest to a reasonable person that the transfer was fraudulent").

To the extent that Kast transferred property or assets to the Black Oak Trust, that property is now held – according to Baker – in her name as successor trustee of the Black Oak Trust. Thus, even though Judge Lloyd held that the Black Oak Trust remained revocable and the supposed transfers to an irrevocable trust never happened, the fact remains that the assets are in accounts in Baker's name. However, Plaintiffs cannot sue the trust itself because it is not a legal entity, and thus they must sue Baker as trustee to reach those assets. *See Greenspan v. LADT, LLC*, 121 Cal. Rptr. 3d 118, 146 (Ct. App. 2010) (noting that "because a trust is not a legal entity, it cannot sue or be sued, but rather legal proceedings are properly directed at the trustee.") (internal quotations omitted). If the Court concludes otherwise then that must be because it finds that an action against Baker is not necessary to collect against any assets held in accounts under Baker's name as trustee of the Black Oak Trust. If that is the case, Plaintiffs request that the Court make that ruling as explicitly as possible so as to avoid the need for subsequent motions practice and to clarify that Plaintiffs can collect against any Black Oak Trust assets regardless of whether the accounts are in Baker's name as trustee rather than Kast.

Baker, acting as "Successor Trustee of the Black Oak Trust, dated March 11, 1995" (*see* Dkt. No. 8 ("FAC") ¶ 63, Ex. 14), sold one of the subject properties in November 2016 (the Vista Terraza property) and received significant proceeds from that sale, part of which were used to pay off the original mortgage in Kast's name (*id*. ¶ 65). Baker presumably maintains possession over the remaining proceeds, however the Court's judgment in the Infringement Action would not reach those assets if they are held by Baker personally. Moreover, Plaintiffs' lien is only against the subject property, and not necessarily the proceeds from its sale. Thus, an order in this action finding that the transfer of this property was fraudulent and thus voidable and/or that any proceeds

received therefrom are fully subject to Plaintiffs' judgment in the Infringement Action is necessary. Otherwise, this action must be permitted to proceed.

## II. IF THE CLAIMS ARE PRECLUDED THEN BAKER'S STATE COURT ACTION SHOULD ALSO BE DISMISSED OR LITIGATED IN THIS CASE.

If the Court is inclined to dismiss this action based on the grounds that the claims are precluded/moot under the ruling in the Infringement Action, then it also should rule that Baker's action to quiet title in state court is precluded under the doctrines of *res judicata* and/or issue preclusion.

Baker's complaint in California Superior Court effectively seeks to relitigate the finding by Judge Lloyd in the Infringement Action that the transfers by Kast to an irrevocable trust were invalid. *See Baker*, No. 17CIV04633, Compl. at ¶ 20 (alleging that "[b]ased on the Amendment Order and the arguments asserted by Erickson therein, there is a present controversy among Erickson on the one hand, and Kast and Baker on the other hand, with respect to whether the Irrevocable Trust holds title to the Properties."). If the Court finds that this action should be dismissed, it must be based on a finding that the claims already have been resolved fully and thus *res judicata* applies. And if that is the case, then the state court claims should be precluded on the same grounds. *See Lumpkin v. Jordan*, 57 Cal. Rptr. 2d 303, 307–09 (1996) ("[w]here dispositive factual issues are actually litigated and resolved in the federal action, the losing party is estopped to relitigate those issues in a subsequent state action"); *In re Estate of Redfield*, 193 Cal. App. 4th 1526, 1535, 124 Cal. Rptr. 3d 402, 408–09 (2011)(finding the "enumerated contentions are barred by the doctrine of res judicata" where the "assumptions constitute nothing more than a repeat of the issue raised and finally adjudicated by the probate court's August 16, 2005 order"); *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 513–15, 207 P.3d 506, 516 (2009) (finding issue preclusion does apply where " the negligence issue in plaintiffs' wrongful death claim—'whether the officers

acted with reasonable care' in shooting Hernandez—'is precisely the issue resolved against plaintiffs by the federal jury and the trial court'").

Alternatively, the precise issue to be litigated in Baker's state court action could be more effectively and efficiently adjudicated in this action. As Judge Lloyd noted, "while Erickson could pursue proceedings against Kast in the state court, this court finds that would not serve the interests of judicial economy or efficiency." Infringement Action, Dkt. No. 243 at 7. Thus, Baker's claims in that action should either be dismissed on *res judicata* grounds or effectively consolidated in this litigation.

## CONCLUSION

For the forgoing reasons, the Court should not dismiss Plaintiffs' claims in this action.

Dated: November 8, 2017

Respectfully submitted,

/s/ Kevin McCulloch
Kevin McCulloch, Esq. (*pro hac vice*)
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, New York 10017
Tel: (212) 355-6050
kevin@mccullochiplaw.com

-and-

Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com

*Attorneys for Plaintiffs*