1  PLAGEMAN, LUND & CANNON LLP
   Richard W. Lund, State Bar No. 120844
2  rlund@plagemanlund.com
   One Kaiser Plaza, Suite 1440
3  Oakland, CA 94612
   Telephone:    (510) 899-6100
4  Facsimile:     (510) 899-6101

5  *Attorneys for Defendant*
   *Mariellen Baker, individually and as trustee*

6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10

11 ERICKSON PRODUCTIONS, INC., and          CASE NO.  3:17-cv-02427-RS
   JIM ERICKSON,
12                                           ECF Case
              Plaintiffs,                    Electronically Filed
13
         vs.                                 Hon. Richard Seeborg
14
   KRAIG R. KAST, et al.
15                                           MARIELLEN BAKER'S SUBMISSION IN
              Defendant.                     RESPONSE TO BRIEFING ORDER (DKT 53)
16

17

18

19        Mariellen Baker, in all capacities sued herein (collectively, "Baker"), provides this

20 submission in response to the court's briefing order (Dkt. 53) and in response to the submission

21 (Dkt. 56) of plaintiffs Jim Erickson and Erickson Productions, Inc. ("Erickson").

22

23                             **Background**

24        This court requested briefing as to whether this fraudulent conveyance action should be

25 dismissed in light of Magistrate Lloyd's recent decision in case 5:13-cv-05472-HRL (the

26 "Copyright Action").  Magistrate Lloyd issued an amended judgment on October 18, 2017

27 (Copyright Action Dkt 246)(the "Amended Judgment"), which granted in part and denied in part

28 plaintiff's motion to amend the judgment in the Copyright Action.  Magistrate Lloyd denied

                                         -1-

2222.2/993

1  Erickson's motion in so far as it sought to add Mariellen Baker, trustee of the irrevocable Black

2  Oak Trust, as a defendant liable for the copyright judgment.  The Amended Judgment was also

3  silent as to any of the four real properties currently or formerly owned by the Black Oak Trust,

4  which are the subject of this action (the "Properties").

5  Baker's claims against the Properties initially arose from a loan of $470,000 she made to

6  Kast in 2006-2007, evidenced by a secured promissory note granting her a security interest in

7  the Properties (see declarations in opposition to motion for preliminary injunction in this case

8  Dkt 29-1, ¶4-6; Dkt 29-2, Exh 5).  When Kast could not pay the loan, in order to avoid a sale of

9  the Properties to satisfy Baker's security interest wherein a large portion of the proceeds would

10  be lost to taxes and other expenses, Kast and Baker entered into a loan workout arrangement

11  whereby Kast promised to place the Properties into an irrevocable trust for Baker's sole benefit

12  (Dkt 29-1, ¶5).  Kast did so with the irrevocable Black Oak Trust document dated December 11,

13  2007 (Dkt 29-1, ¶6; Dkt 29-2, Exh 6), creating the trust now administered by Baker.

14  Baker filed a state court action in San Mateo County on October 10, 2017, asserting her

15  claims to the Properties and asserting the priority of her claims over any competing claims of

16  Erickson.  She alleged state law claims for quiet title, specific performance, breach of contract

17  and declaratory relief, naming both Kast and Erickson as defendants (see Baker's Notice of

18  Pendency of Action, Dkt. 52)(the "State Court Quiet Title Action").  A copy of the verified

19  complaint in the State Court Quiet Title Action is attached for reference as Exhibit 1.

20  Baker's position is that the Amended Judgment did not adjudicate, and procedurally

21  could not have adjudicated, the competing claims of Baker and Erickson to the Properties.

22  Baker's position is that the State Court Quiet Title Action provides the proper venue for

23  resolution of these competing claims to the Properties, including any fraudulent conveyance

24  allegations asserted in this action, and that the federal district court lacks or should decline to

25  assert subject matter jurisdiction over these claims, for all the reasons explained in Baker's

26  pending motion to dismiss this action (Dkt. 31, 34).

27  ///

28  ///

**A.      The Amended Judgment Did Not Adjudicate the Competing Claims of**

**Baker and Erickson to the Properties**

For many reasons, it is clear that the Amended Judgment does not and could not resolve the competing claims of Baker and Erickson to the Properties, that are at issue now in both the State Court Quiet Title Action and in this action.

First, the Amended Judgment is silent as to the Properties and silent as to Baker (see Copyright Action Dkt 246).  By its express terms, the Amended Judgment does not purport to quiet title to the Properties in favor of some revocable or irrevocable version of the Black Oak Trust, nor to adjudicate the priority of Baker's and Erickson's respective claims against the Properties.

Second, such relief could not have been granted on the pleadings at issue in the Copyright Action.  The complaint in the Copyright Action (Copyright Action Dkt 1) alleges two counts of copyright infringement and does not include any reference to the Properties or any quiet title allegations.  Where federal courts have some basis for federal subject matter jurisdiction in a dispute including quiet title issues, the plaintiff is required to satisfy California's specific pleading requirements for quiet title actions in order to obtain such relief.  See, e.g., *Rosenfeld v. JPMorgan Chase Bank N.A*, 732 Fl.Supp.2d 952, 974 (N.D.Cal. 2010).

Third, the motion to amend the judgment did not seek such relief.  The motion to amend the judgment in the Copyright Action (Copyright Action Dkt 189, page 2) sought only to add the names of specified defendants to the judgment, and did not seek to amend the judgment to add quiet title type findings or to adjudicate competing claims of Baker and Erickson to the Properties.

Fourth, the motion to amend could not have properly sought quiet title type relief using a post judgment motion under FRCP 69(a) and Cal. Code of Civil Procedure §187, while the underlying copyright judgment is pending on appeal.  This is a very limited procedure, allowing a post judgment motion to add an additional defendant on alter ego grounds.  However, plaintiff may not add new theories and claims, such as a claim for quiet title, by purporting to amend a final judgment that is on appeal.  While the trial court retains jurisdiction to implement or enforce

2222.2/993

a judgment while that judgment is pending on appeal, the court may not "expand upon or alter the judgment." *In re Marino*, 234 B.R. 767, 770 (B.A.P. 9th Cir. 1999).

Fifth, Baker was never made a party to the Copyright Action, so her claims and rights to the Properties could not be adjudicated in that action.  Baker's lack of party status also denied her any opportunity to conduct discovery, including the ability to subpoena documents from third parties.

Sixth, Baker declined to consent to a Magistrate deciding the Copyright Action (Copyright Action Dkt 226), such that Magistrate Lloyd had no authority to decide her claims.

Seventh, there was neither a proper summary judgment motion nor a full trial on the merits conducted in the Copyright Action to adjudicate Baker's and Erickson's competing claims to the Properties.  There is no statutory authority allowing these claims to be tried on written declarations, using an abbreviated motion procedure.

**B.     This Action Should be Dismissed for Lack of Federal Subject Matter Jurisdiction, Allowing the Issues to be Adjudicated in the Pending State Court Quiet Title Action**

For all the reasons briefed in Baker's pending motion to dismiss (Dkt 31,34), this action should be dismissed for lack of federal subject matter jurisdiction.  The pending State Court Quiet Title Action is the appropriate proceeding to adjudicate all of the competing claims of Baker and Erickson with respect to the Properties, including the fraudulent conveyance allegations asserted in this case.

Because competing claims to the Properties asserted by Baker and Erickson were not resolved by the Amended Judgment, Baker does not contend that dismissal of this action is required as a consequence of the Amended Judgment.  Instead, Baker contends that dismissal of this action is required for the jurisdictional grounds briefed in her motion to dismiss.

PLAGEMAN, LUND & CANNON LLP

Dated: November 15, 2017         By:_____
                                          Richard W. Lund
                                          Attorneys for Mariellen Baker
                                          individually and as trustee

-4-

2222.2/993

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **Exhibit 1**

Verified Complaint

in State Court Quiet Title Action

2222.2/993

1
2
3
4
5
6

PLAGEMAN, LUND & CANNON LLP
Richard W. Lund, State Bar No. 120844
rlund@plagemanlund.com
One Kaiser Plaza, Suite 1440
Oakland, CA 94612
Telephone:    (510) 899-6100
Facsimile:    (510) 899-6101

*Attorneys for Plaintiff*
*Mariellen Baker, Trustee*

ENDORSED FILED
SAN MATEO COUNTY

OCT 1 0 2017

Clerk of the Superior Court
By ____ Rebecca Krill
DEPUTY CLERK

7
8
9

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

10

17 C I V 0 4 6 3 3

| | |
|---|---|
| 11 MARIELLEN BAKER, TRUSTEE OF THE<br>BLACK OAK TRUST DATED MARCH 11,<br>12 1995, a California irrevocable trust<br><br>13          Plaintiff,<br><br>14     vs.<br><br>15 KRAIG R. KAST; KRAIG R. KAST, TRUSTEE<br>OF THE BLACK OAK TRUST DATED MARCH<br>16 11, 1995, a California revocable trust;<br>ERICKSON PRODUCTIONS, INC.; JIM<br>17 ERICKSON, and DOES 1 through 20, inclusive,<br><br>18          Defendant. | CASE NO. _____<br><br>COMPLAINT FOR QUIET TITLE, EQUITABLE<br>RELIEF, SPECIFIC PERFORMANCE,<br>BREACH OF CONTRACT, AND<br>DECLARATORY RELIEF |

19
20
21   Plaintiff alleges:

22                    **General Allegations**

23     1.     Plaintiff Mariellen Baker, Trustee of the Black Oak Trust dated March 11, 1995, a

24 California irrevocable trust ("Baker"), is now and was at all relevant times a resident of San

25 Mateo County, California.

26     2.     Defendant Kraig R. Kast ("Kast"), is sued herein individually and in his capacity, if

27 any, as the current or former trustee of a California revocable trust initially named the Kraig Kast

28 Living Trust dated March 11, 1995, later renamed the Black Oak Trust dated March 11, 1995.

-1-

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

1  Kast is now and was at all relevant times a resident of San Mateo County, California.

2      3.    Plaintiff is informed and believes that defendant Jim Erickson is now and was at

3  all relevant times a resident of Sonoma County, California.

4      4.    Plaintiff is informed and believes that defendant Erickson Productions, Inc. is a

5  California corporation owned and controlled by defendant Jim Erickson with its principal place of

6  business in Sonoma County, California.

7      5.    Defendant Does 1 through 20, inclusive, are sued herein by their fictitious names

8  because their true names and capacities are presently unknown, but they alleged to be liable

9  for, or necessary or convenient parties to the resolution of, the claims asserted herein.  Plaintiff

10  reserves the right to amend this Complaint by inserting their true names and capacities, when

11  ascertained.

12      6.    Baker brings suit in her capacity as the current trustee of the Black Oak Trust

13  dated March 11, 1995 (the "Irrevocable Trust"), referring to the irrevocable trust established

14  under California law though a written trust instrument dated December 11, 2007 (the

15  "Irrevocable Trust Instrument"), executed by defendant Kast as trustor, adopted as an

16  amendment to the prior Revocable Trust Instrument defined below. The Irrevocable Trust

17  Instrument provided that the Irrevocable Trust may be referred to as either "Kraig R. Kast,

18  Trustee of the Black Oak Trust dated December 11, 2007", or as "Kraig R. Kast, Trustee of the

19  Black Oak Trust dated March 11, 1995."   The Irrevocable Trust Instrument named Kast as the

20  initial trustee, and named Mariellen Baker as the sole lifetime beneficiary and successor trustee.

21  Kast served as initial trustee of the Irrevocable Trust from December 11, 2007 through his

22  resignation as trustee on December 31, 2015, whereupon Baker became the successor trustee

23  of the Irrevocable Trust.  Baker as successor trustee recorded with the San Mateo County

24  Recorder's Office an Affidavit – Successor Trustee with respect to both Properties on October

25  10, 2017, prior to the filing of this Complaint (the "Successor Trustee Affidavits").

26      7.    Prior to December 11, 2007, Kast was trustee of his own revocable trust named

27  "The Kraig Kast Living Trust" (the "Revocable Trust"), created through a Declaration of Trust

28  dated March 11, 1995 executed by Kast as trustor (the "Revocable Trust Instrument").  Plaintiff

-2-

1    is informed and believes, and on that basis alleges:  (a) that the Revocable Trust Instrument

2    was amended three times; (b) that the Second Amendment to the Revocable Trust Instrument

3    was executed sometime on or before December 11, 2007, and prior to the execution of the

4    Irrevocable Trust Instrument; (c) that the Second Amendment changed the name of the

5    Revocable Trust to "the Black Oak Trust, dated March 11, 1995"; (d) that the Irrevocable Trust

6    Instrument was the third amendment to the Revocable Trust Instrument, which completely

7    restated the terms of the Revocable Trust to convert it into an irrevocable trust pursuant to the

8    new terms of the Irrevocable Trust Instrument; and (e) that by such complete restatement of the

9    trust terms, the Revocable Trust thereby ceased to exist as a revocable trust upon execution of

10    the Irrevocable Trust Instrument, leaving only the Irrevocable Trust in existence after December

11    11, 2007.

12        8.     Prior to April 8, 2005, Kast acquired title in his individual capacity to two real

13    properties, the Beach Park Property and the East Court Property, as hereafter defined.  The

14    "Beach Park Property" refers to the real property at 1061 Beach Park Blvd., Unit 103 in building

15    3, Foster City, CA 94404, San Mateo County APN 105-470-120, as more particularly described

16    in the legal description attached hereto as Exhibit 1, and incorporated by reference.  The "East

17    Court Property" refers to the real property at 13 East Court Lane, Foster City, CA 94404, San

18    Mateo County APN 094-960-400, as more particularly described in the legal description

19    attached hereto as Exhibit 2, and incorporated by reference.  The Beach Park Property and the

20    East Court Property are collectively referred to herein as the "Properties".

21        9.     On April 8, 2005, Kast recorded deeds with the San Mateo County Recorder

22    (Instruments 2005-056318 and 2005-056319) conveying the Properties from himself individually

23    to Kraig Kast, as trustee of the Revocable Trust, by conveying title to "Kraig Kast, as Trustee

24    under the Declaration of the Kraig Kast Living Trust, dated 3/11/95".

25        10.     The Properties were held as assets of the Revocable Trust on December 11,

26    2007 when the Revocable Trust was restated to become the Irrevocable Trust through the

27    Irrevocable Trust Instrument, and the Properties thereby became held as assets of the

28    Irrevocable Trust from the inception of the Irrevocable Trust on December 11, 2007.

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

11.     In addition, the Properties were confirmed as assets held in the Irrevocable Trust by reason of the written Addendum A to the Irrevocable Trust Instrument, which Kast executed on December 30, 2007, specifically designating the Properties (plus two other real properties that have since been sold by the Irrevocable Trust), as assets held in the Irrevocable Trust ("Addendum A").  To the extent the Irrevocable Trust did not already hold title to the Properties pursuant to the Irrevocable Trust Instrument as alleged in paragraph 10, Addendum A constituted a valid conveyance of title to the Properties to the Irrevocable Trust on December 30, 2007, without recordation of a new deed, under the legal principles set forth in *Ukkestad v. RBS Asset Finance, Inc.* (2015) 235 Cal.App.4th 156 and *Carne v. Worthington* (2016) 246 Call.App.4th 548.

12.     In addition, the Beach Park Property was confirmed as an asset held in the Irrevocable Trust by reason of a Quitclaim Deed that Kast executed and recorded with the San Mateo County Recorder on February 3, 2012 (Instrument 2012-014519) (the "Beach Park Quitclaim Deed").  To the extent the Irrevocable Trust did not already hold title to the Beach Park Property pursuant to the Irrevocable Trust Instrument as alleged in paragraph 10, or pursuant to Addendum A as alleged in paragraph 11, the Beach Park Quitclaim Deed conveyed title to the Beach Park Property from "Kraig Rudinger Kast, as Trustee under the Declaration of the Kraig Kast Living Trust, Dated 3/11/95" to the Irrevocable Trust, identified therein as "Kraig R. Kast, as Trustee under the Declaration of the Black Oak Trust, Dated 3/11/95".

13.     In addition, the East Court Property was confirmed as an asset held in the Irrevocable Trust by reason of a Quitclaim Deed that Kast executed and recorded with the San Mateo County Recorder on February 3, 2012 (Instrument 2012-014520) (the "Beach Park Quitclaim Deed").  To the extent the Irrevocable Trust did not already hold title to the East Court Property pursuant to the Irrevocable Trust Instrument as alleged in paragraph 10, or pursuant to Addendum A as alleged in paragraph 11, the Beach Park Quitclaim Deed conveyed title to the East Court Property from Kraig Rudinger Kast to the Irrevocable Trust, identified therein as "Kraig R. Kast, as Trustee under the Declaration of the Black Oak Trust, Dated 3/11/95".

14.     The Irrevocable Trust was established by Kast, and the Properties were placed

-4-

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

1   into the Irrevocable Trust for the benefit of beneficiary Baker, in consideration of and to perform

2   upon the written agreement and Promissory Note between Kast and Baker, entered into on

3   June 6, 2006, and amended on September 2, 2006 and September 12, 2007, a true and correct

4   copy of which is attached hereto as Exhibit 3, and incorporated by reference (the "Baker Loan

5   Agreements").  Pursuant to the Baker Loan Agreements, Baker loaned to Kast $470,000, to be

6   repaid within 5 years with interest at 5% annually, and secured by the real estate then held in

7   the Kraig Kast Living Trust, which then included the Properties.

8       15.     Pursuant to the Baker Loan Agreements, Baker obtained a security interest in the

9   Properties on or before September 12, 2007, to secure the obligations owed to her by Kast

10  under the Baker Loan Agreements.

11      16.     In December 2007, Kast advised Baker that he would be unable to repay the

12  loans under the Baker Loan Agreements without selling the real property security, and that

13  arrangements needed to be made for Baker to assert her security interest in the Properties and

14  other real property then owned by the Revocable Trust.  Kast proposed to accomplish this by

15  restating the Revocable Trust as the Irrevocable Trust for Baker's benefit as set forth in the

16  Irrevocable Trust Instrument.  Baker accepted this proposal as a way to settle Kast's loan

17  obligations to her under the Baker Loan Agreements.  The Baker Loan Agreements, the

18  December 2007 agreement between Kast and Baker to settle Kast's obligations under the

19  Baker Loan Agreements by placing the Properties and two other real properties then owned by

20  the Revocable Trust into the Irrevocable Trust for Baker's benefit, and the Irrevocable Trust

21  Instrument and Addendum A documenting and implementing such agreements, shall be

22  collectively be referred to herein as the "Relevant Agreements".

23      17.     At all times on and after December 11, 2007, pursuant to the Relevant

24  Agreements, Kast promised Baker that he would convey and place the Properties into the

25  Irrevocable Trust for Baker's benefit, pursuant to the terms of the Irrevocable Trust.  At all times

26  on and after December 11, 2007, Kast represented to Baker that he had in fact conveyed and

27  placed the Properties into the Irrevocable Trust for Baker's benefit, pursuant to the Relevant

28  Agreements.  Baker relied upon such promises and representations in numerous ways,

-5-

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

including by: (i) advancing to Kast $470,000 as loans pursuant to the Baker Loan Agreements, which loans have not been repaid; (ii) by accepting such arrangements as a settlement of the obligations of Kast under Baker Loan Agreements, and thereby foregoing any other enforcement of the Baker Loan Agreements during the time period between December 11, 2007 and the date of filing this Complaint; (iii) by allowing Kast to administer the Properties and other assets of the Irrevocable Trust as trustee from December 11, 2007 through December 31, 2015, without asserting other security interests or claims beyond her rights as beneficiary of under the Irrevocable Trust Instrument, and (iv) by administering the Properties and other assets of the Irrevocable Trust herself as successor trustee from December 31, 2015 through the present. Plaintiff thereby provided adequate consideration for the Relevant Agreements, and performed all obligations of her own with respect to the Relevant Agreements.

18.     Defendants Jim Erickson and Erickson Productions, Inc. (collectively, "Erickson") are creditors of Kast individually pursuant to a $450,000.00 money judgment for damages for copyright infringement obtained in favor of Erickson against Kast individually on August 19, 2015, later supplemented by an award of $186,186.58 in attorneys' fees and costs on August 25, 2017 (the "Copyright Judgment"), in the matter Erickson Productions, Inc. et al. v. Kraig R. Kast, Northern District of California, San Jose Division, Case No. 5:13-CV-05472-HRL (the "Copyright Action").  The Copyright Judgment is subject to an appeal pending before the Ninth Circuit Court of Appeals in the Copyright Action, but there is no outstanding stay on enforcement of the Copyright Judgment.

19.     On October 5, 2017, Erickson obtained an order from the court in the Copyright Action (the "Amendment Order") granting its motion to amend the Copyright Judgment to add "Kraig Kast, Trustee of the Black Oak Trust, dated March 11, 1995", referring to Kast as trustee of the Revocable Trust described herein, as an additional defendant liable on the Copyright Judgment as the alter ego of Kast.  In seeking the Amendment Order, Erickson argued that the Revocable Trust still exists as a separate trust from the Irrevocable Trust, and that Kast still serves as trustee of the Revocable Trust.  Erickson has also argued in the Copyright Action that the Properties were conveyed by Kast into the Revocable Trust, rather than into the Irrevocable

-6-

1  Trust as Kast and Baker contend.

2      20.    Based on the Amendment Order and the arguments asserted by Erickson

3  therein, there is a present controversy among Erickson on the one hand, and Kast and Baker on

4  the other hand, with respect to whether the Irrevocable Trust holds title to the Properties.  This

5  controversy is likely to immediately manifest itself in efforts by Kast's creditor Erickson to levy

6  upon the Properties to enforce its Copyright Judgment against Kast individually and as trustee

7  of the Revocable Trust.  This controversy makes necessary a prompt judicial determination

8  whether title to the Properties is held by the Irrevocable Trust or the Revocable Trust, if the

9  latter still exists.

10      21.    The court should determine that title to the Properties is vested in the Irrevocable

11  Trust, under Baker's control as the current trustee of the Irrevocable Trust.  Pleading in the

12  alternative, if the court should determine that somehow the Revocable Trust still exists and that

13  Kast conveyed the Properties to the Revocable Trust instead of to the Irrevocable Trust, then

14  the court should grant equitable relief and/or specific performance, as sought below, to cause

15  the Properties to be conveyed and vested in the Irrevocable Trust.  Plaintiff is informed and

16  believes, based upon Kast's filings in the Copyright Action, that Kast has no substantial assets

17  to answer any judgment for damages, except to the extent he is found to have some interest in

18  the Properties.  Any legal remedies Baker might have against Kast for damages would be

19  inadequate, and making necessary equitable relief to protect Baker's interest in title to the

20  Properties.

21  **FIRST CAUSE OF ACTION**

22  **(Quiet Title**

23  **Against All Defendants)**

24      22.    Plaintiff hereby incorporates by reference as though fully set forth in this cause of

25  action, the general allegations set forth paragraphs 1 through 21, inclusive, of this Complaint.

26      23.    Plaintiff seeks an order quieting title to the Properties pursuant to California Code

27  of Civil Procedure 760.020, et seq.

28      24.    The Properties as to which quiet title relief is sought are the Beach Park Property

2222.1/982

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

and East Court Property described herein, the legal descriptions of which are attached and incorporated herein as Exhibits 1 and 2, respectively.

25.     The title of plaintiff as to which a quiet title determination is sought is to confirm fee simple title, vested in Mariellen Baker, as trustee of the Black Oak Trust dated March 11, 1995, referring to the irrevocable trust created by the Irrevocable Trust Instrument.  The basis for plaintiff's title are the deeds and transfers in trust alleged herein, including those described in paragraphs 6, 9, 10, 11, 12 and 13 hereof.

26.     The adverse claims to the title of plaintiff against which a determination is sought are any claims of title, lien, encumbrance or levy by or in favor of defendants (i) Kast individually, (ii) Kast as trustee of the Revocable Trust defined herein, (iii) Jim Erickson, and/or (iv) Erickson Productions, Inc.

27.     The dates as to which the determination is sought are both the date of filing this Complaint and the date of any later entry of judgment in this action. The reason why a determination is also needed as of the later date of judgment is that the Erickson defendants are expected to attempt to record levy documents against the Properties during the pendency of this action, as to which the judgment quieting title will need to apply.

28.     Plaintiff prays for a determination quieting title in favor of plaintiff against the adverse claims, as alleged and defined herein.

**SECOND CAUSE OF ACTION**

**(Equitable Relief for Restitution and Imposition of Constructive Trust**

**Against all Defendants)**

29.     Plaintiff hereby incorporates by reference as though fully set forth in this cause of action, the general allegations set forth paragraphs 1 through 21, inclusive, of this Complaint.

30.     Pleading in the alternative, in the event title to the Properties is not quieted in favor of the Irrevocable Trust for the benefit of Baker as beneficiary, as requested in the First Cause of Action, plaintiff seeks equitable relief as alleged in this Second Cause of Action.

31.     To the extent the court finds that, contrary to the promises and representations of Kast to Baker, Kast instead conveyed the Properties to the Revocable Trust where the

-8-

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

Properties are now held in a revocable trust for the benefit of Kast and subject to the claims of Kast's personal creditor Erickson, this would result in all defendants being unjustly enriched at the expense of Baker and would result in them unjustly retaining such benefit.

32.     In the event of such finding, other remedies at law are inadequate and equity requires that a constructive trust be imposed upon the Properties in favor of plaintiff, compelling title to the Properties to be conveyed to plaintiff free of any adverse claims of title, lien, encumbrance or levy by defendants.

33.     In the event of such finding, other remedies at law are inadequate and equity requires that restitution of the unjustly retained benefits be ordered, compelling title to the Properties to be conveyed to plaintiff free of any adverse claims of title, lien, encumbrance or levy by defendants.

**THIRD CAUSE OF ACTION**

**(Specific Performance of Contract**

**Against Defendant Kast, individually and as Trustee of the Revocable Trust)**

34.     Plaintiff hereby incorporates by reference as though fully set forth in this cause of action, the general allegations set forth paragraphs 1 through 21, inclusive, of this Complaint.

35.     Pleading in the alternative, in the event title to the Properties is not quieted in favor of the Irrevocable Trust for the benefit of Baker as beneficiary, as requested in the First Cause of Action, plaintiff seeks specific performance of the enforceable written agreements set forth in the Baker Loan Agreements and the Irrevocable Trust Instrument and Addendum A thereto (collectively, the "Relevant Agreements"), as alleged in this Third Cause of Action.

36.     As more specifically alleged in the General Allegations, under the Relevant Agreements, Kast agreed with Baker that, in exchange for valuable consideration by Baker, Kast would convey the Properties to be held in the Irrevocable Trust subject to the terms of the Irrevocable Trust Instrument, in order to settle Kast's debt to Baker under the Baker Loan Agreements and to resolve her related security interest in the Properties.

37.     Kast has at all relevant times represented to Baker and contended in the Copyright Action that he did perform these obligations by establishing the Irrevocable Trust

-9-

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

pursuant to the Irrevocable Trust Instrument and that he conveyed the Properties to be held by the trustee of the Irrevocable Trust.  Baker has been administering the Properties as successor trustee of the Irrevocable Trust since December 31, 2015, in the belief and understanding that Kast had performed these contractual obligations and that the Properties have been held by the Irrevocable Trust at all times during her service as trustee.

38.     In connection with ruling upon the First Cause of Action of this Complaint, if the court should find that Kast did not convey the Properties to the Irrevocable Trust as he agreed to do in the Relevant Agreements, that finding would constitute facts sufficient to show that Kast had also breached the Relevant Agreements, and would entitle Baker to the remedy of specific performance of the Relevant Agreements, in the form of a judgment compelling Kast, individually or as trustee of the Revocable Trust, to convey the Properties to Baker as trustee of the Irrevocable Trust.

39.     In such event, Plaintiff would be damaged by the loss of the Properties, which are unique real property assets, the loss of which is inherently difficult to value as damages. Plaintiff's security interest in these Properties long pre-dates the claims of Kast's personal creditor Erickson, and an award of damages to Baker would be an inadequate remedy given Kast's apparent lack of other assets to satisfy a money judgment and the competing claims of Erickson as another creditor of Kast.  In such circumstances, equity and an adequate remedy requires specific performance of Kast's agreement to convey the Properties into the Irrevocable Trust for Baker's benefit.

### FOURTH CAUSE OF ACTION

### (Damages for Breach of Contract

### Against Defendant Kast, individually and as Trustee of the Revocable Trust)

40.     Plaintiff hereby incorporates by reference as though fully set forth in this cause of action, the general allegations set forth paragraphs 1 through 21, inclusive, of this Complaint.

41.     Pleading in the alternative, in the event title to the Properties is not quieted in favor of the Irrevocable Trust for the benefit of Baker as beneficiary, as requested in the First Cause of Action, plaintiff seeks damages according to proof at trial, against Kast individually and

-10-

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

1   as trustee of the Revocable Trust, for breach of contract with respect to the Relevant

2   Agreements.

3       42.    In connection with ruling upon the First Cause of Action of this Complaint, if the

4   court should find that Kast did not convey the Properties to the Irrevocable Trust as he agreed

5   to do in the Relevant Agreements, that finding would constitute facts sufficient to show that Kast

6   had also breached the Relevant Agreements.  Upon such a finding, plaintiff would be damaged

7   by such breach due to the loss of the Properties as assets in the Irrevocable Trust, and would

8   be entitled to damages against Kast individually and as trustee of the Revocable Trust.

9   **FIFTH CAUSE OF ACTION**

10  **(Declaratory Relief Against all Defendants)**

11      43.    Plaintiff hereby incorporates by reference as though fully set forth in this cause of

12  action, the allegations set forth paragraphs 1 through 42, inclusive, of this Complaint.

13      44.    By reason of the foregoing, an actual controversy exists between plaintiff and

14  Erickson, as creditors with competing claims and demands against Kast generally and

15  competing claims with respect to enforcement of their alleged rights to or against the Properties.

16      45.    Declaratory relief under California Code of Civil Procedure Section 1060 is

17  appropriate and necessary here, to declare and establish that plaintiff's right and interest in the

18  Properties exists, and is prior in time and superior in priority and right to, any right, lien,

19  encumbrance, levy or other interest that Erickson may now have or hereafter assert in the

20  Properties.

21  **Prayer for Relief**

22      Wherefore, plaintiff prays for relief as follows:

23      a.    As to the First Cause of Action, for judgment against all defendants, quieting title

24  to the Properties in favor of plaintiff, as against the adverse claims of all defendants, as sought

25  in the First Cause of Action;

26      b.    As to the Second Cause of Action, for judgment against all defendants that a

27  constructive trust be imposed upon the Properties in favor of plaintiff, compelling title to the

28  Properties to be conveyed to plaintiff free of any adverse claims of title, lien, encumbrance or

-11-

1   levy by defendants;

2       c.      As to the Second Cause of Action, for judgment against all defendants ordering

3   defendants to make full restitution of the unjustly retained benefits, compelling title to the

4   Properties to be conveyed to plaintiff free of any adverse claims of title, lien, encumbrance or

5   levy by defendants;

6       d.      As to the Third Cause of Action, for judgment against defendant Kast, individually

7   and as trustee of the Revocable Trust, granting plaintiff specific performance of the Relevant

8   Agreements, in the form of a judgment compelling Kast, individually or as trustee of the

9   Revocable Trust, to convey the Properties to Baker as trustee of the Irrevocable Trust;

10      e.      As to the Fourth Cause of Action, for judgment against defendant Kast,

11  individually and as trustee of the Revocable Trust, awarding damages for breach of contract

12  according to proof at trial, including prejudgment interest according to law and proof at trial;

13      f.      As to the Fifth Cause of Action, a judgment of declaratory relief binding upon all

14  defendants, to declare and establish that plaintiff's right and interest in the Properties exists, and

15  is prior in time and superior in priority and right to, any right, lien, encumbrance, levy or other

16  interest that Erickson may now have or hereafter assert in the Properties, and such other

17  declaratory relief as may be appropriate to define the competing rights of the parties with

18  respect to the Properties;

19      g.      As to all causes of action, for costs of suit, including attorney's fees to the extent

20  recoverable under applicable law or contract;

21      h.      As to all causes of action, for such other relief as the court may deem appropriate

22  on the claims alleged.

23

24                              PLAGEMAN, LUND & CANNON LLP

25  Dated: October 10, 2017          By: _____

26                                      Richard W. Lund
                                        Attorney for Plaintiff
27                                      Mariellen Baker, Trustee

28

                                -12-

1

2                               **VERIFICATION**

3          I am the Plaintiff in this action.  I have read the foregoing complaint and it is true of my

4    own knowledge, except as to those mattes stated on information or belief, and as to those

5    matters, I believe it to be true.

6          I declare under penalty of perjury under the laws of the State of California that the

7    foregoing is true and correct.

8          Executed on _Oct. 10_, 2017, at _Oakland_, California.

9

10

11                                          Mariellen Baker, Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2222.1/982

1

## EXHIBIT 1

2

3

### Legal Description of Beach Park Property

4

All that real property situated in the City of Foster City, County of San Mateo, State of California, described as follows:

A Condominium Comprised of:

Parcel One:

Unit 103 in Building 3, as shown on that certain Subdivision Map entitled, "Tract No. 21-73, Marina Point Condominiums being a portion of Parcel D, Neighborhood 4, Foster City, San Mateo County, California", (hereinafter called the "Map"), which Map was filed in the Office of the Recorder of the County of San Mateo, State of California, on September 13, 1973, in Book 83 of Maps, Pages 1 through 11, inclusive, as corrected by Certificate of Correction recorded December 17, 1974 in Book 6753, at Page 439 (the File No. 8619-AI) of Official Records.

Excepting Therefrom any portion of the Common Area lying within said unit.

Parcel Two:

Together with the following easements appurtenant to and for the benefit of Parcel One:

A. Non-exclusive easement for ingress and egress to and from Parcel One and support of Parcel One through the Common Area and for maintenance and repair of Parcel One through all other Units and through the Common Area;

B. An exclusive easement to use Covered Parking Stall No. 12 in Building 3, as shown on the Map;

C. An exclusive easement to use Patio or Balcony 103, as shown on the Map;

D. An exclusive easement to use Storage No. S-10 in Building 3, as shown on the Map;

E. A non-exclusive easement for the use and enjoyment of the Common Area as provided in the Restrictions;

F. A non-exclusive easement, as described in the Reciprocal Declaration, over "Phase II Land", as such term is defined in the Reciprocal Declaration, which easement shall be limited and confined to Common Area upon the filing of a Final Subdivision Map on "Phase II Land", all as specifically provided for in the Reciprocal Declaration.

Parcel Three:

An undivided one-two hundred and seventeenth (1/217) interest as Tenant in Common in and to the Common Area.

-14-

Parcel Four:

Together with the following easements appurtenant to and for the benefit of the Common Area:

A. Nonexclusive easements through each Unit for support, maintenance and repair of the Common Area; and

B. Nonexclusive easements for encroachment upon the air space of all the Unit by and for the portions of the Common Area lying within the units.

The Easements described in Parcel Two and Four herein were created by that certain Deed recorded on October 8, 1974 in Book 6713 of Official Records at Page 602 (File No. 89408-AH), records of San Mateo County, California.

APN: 105-470-120

-15-

2222.1/982

1

**Exhibit 2**

2

3

**Legal Description of East Court Property**

4

The land referred to is situated in the County of San Mateo, City of Foster City, State of California, and is described as follows:

5

6

PARCEL ONE:

7

 Lot 16, as shown on that certain Map entitled, "Tract No. 114-85 Town Center Citihomes East", which Map was filed in the Office of the Recorder of the County of San Mateo, State of California, on April 21, 1986, in Book 114 of Maps, at Pages 64 and 65.

8

9

PARCEL TWO:

10

 A non-exclusive easement for ingress, egress, use and enjoyment over Common Area Lot 18, as shown on that certain Map entitled, "Tract 114-85 Town Center Citihomes East", which Map was filed in the Office of the Recorder of the County of San Mateo, State of California, on April 21, 1986, in Book 114 of Maps, at Pages 64 and 65 inclusive and as created, reserved and set aside by Declaration for the benefit of "owner" as defined in Citihomes East Declaration of Covenants, Conditions and Restrictions, recorded on December 13, 1985, under Instrument No. 85133658 of Official Records of San Mateo County, California (hereinafter "Declaration"), and in the "Private Street Repair and Landscaping Maintenance Agreement Citihomes East and Citihomes West Town Center Foster City", recorded June 3, 1986, under Instrument No. 86060453 and the Shared Parking Agreement, recorded on September 13, 1985, under Instrument No. 85093820, San Mateo County Records.

11

12

13

14

15

16

 APN: 094-960-400

17

18

19

20

21

22

23

24

25

26

27

28

-16-

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 3**

**Baker Loan Agreements**

VERIFIED COMPLAINT FOR QUIET TITLE, ET AL.

2222.1/982

### PROMISSORY NOTE

I, Mariellen Baker, agree to lend Kraig Kast $100,000 at an interest rate of 5% annually with the total amount to be repaid within five years. The loan is to be repaid out of pre-tax profits from Atherton Trust-A Delaware Statutory Trust. If Atherton Trust is unable to repay the loan and accumulated interest then the loan will be secured by real estate in the Kraig Kast Living Trust dated March 11, 1995. If Kraig dies before the loan is repaid then the loan is due and payable within 60 days after his death.

Dated: June 6, 2006

Agreed by:

_Mariellen Baker_                    _Kraig Kast_

9/2/06

I am lending Kraig Kast an additional $250,000. under the same terms as above. This is a personal loan.

Mariellen Baker   Kraig Kast
9/2/06

9/12/07
In addition to the above, I am lending an additional $120,000 to Kraig Kast, to be secured by the real estate in the Kraig Kast Living Trust

Mariellen Baker   Kraig Kast
9/12/07